IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-567-C |
| | ) | CR-11-24-C |
| CANDELARIO MIRAMONTES-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On May 17, 2012, Defendant, acting pro se, filed the present 28 U.S.C. § 2255 motion, seeking to vacate, set aside, or correct his sentence. In support of his request, Defendant argues that his trial counsel was ineffective; specifically, that he failed to advise him of the immigration consequences of his plea, specifically that counsel was ineffective, failed to communicate with him about his case, did not allow Defendant to actively assist with case and forced Defendant to plead guilty. In response, Plaintiff points to the clear and unambiguous statements of Defendant at the plea hearing which are directly contrary to his current statements. Plaintiff also provides an affidavit from trial counsel which refutes Defendant's allegations.

Defendant's claims are governed by the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, Defendant must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In considering the first prong, the Court is mindful that a strong

presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the second prong, Defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687. In other words, Defendant must establish "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With these standards in mind, the Court considers the issues raised by Defendant.

Defendant fills his brief with buzz words and conclusory statements about the purported failures of trial counsel to advise him of the consequences of his plea. However, when the facts surrounding the plea agreement are examined, it is clear that Defendant's counsel was effective and that Defendant knowingly entered into the plea agreement. When considering a claim of ineffective assistance related to a plea agreement, the Tenth Circuit has set forth the standard to measure Defendant's argument:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." Id. (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district

> court proceedings would have been different if his counsel had not committed the alleged errors. See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. In contrast, Plaintiff offers the affidavit of Defendant's trial counsel who explicitly states that he and co-counsel discussed the immigration issues with Defendant. Further, the Petition to Enter Plea of Guilty (Dkt. No. 35) clearly states that Defendant had the opportunity to discuss the issues surrounding his case with counsel, that he was satisfied with their services and that he had no questions. Paragraph 16 of that document definitively stated that the plea could have immigration consequences and Defendant expressed his understanding of that fact. While engaged in a colloquy with the Court at the Change of Plea hearing Defendant expressly acknowledged his understanding that pleading guilty could affect his immigration status. (Dkt. No. 56, Ex. 1, p. 6). During this colloquy with the Court, Defendant also reiterated his review, understanding and agreement with the terms of the plea agreement (Dkt. No. 56, Ex. 1, p. 5); agreed that he had not been coerced or forced into to pleading guilty (Dkt. No. 56, Ex. 1, p. 9); that he was satisfied with the services of counsel (Dkt. No. 56, Ex. 1, p. 6); and that he had spoken with counsel about all issues related to his defense. (Dkt. No. 56, Ex. 1, p. 5).

Given the evidence available, the Court finds no probability that given different, "more effective" counsel, Defendant would have chosen to go to trial. Thus, the Court finds that Defendant has failed to offer any reasonable basis for finding that his counsel was ineffective. Accordingly, his motion will be denied.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

As set forth more fully herein, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 49) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 18th day of June, 2012.

ROBIN J. CAUTHRON
United States District Judge